**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alonso Alexander Guardado Lopez, | No. CV-25-02009-PHX-JZB |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Air Pro Heating & Cooling LLC, et al., | |
| Defendants. | |

**TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT JUDGE**:

Pending before the Court is Plaintiff Alonso Alexander Guardado Lopez' "Motion for Entry of Default Judgment Against Defendants" ("Motion for Default Judgment") (doc. 12). This Report and Recommendation is filed pursuant to General Order 21-25.[1] For the following reasons, the Court recommends Plaintiff Lopez' Motion for Default Judgment be **granted**.

---

[1]     General Order 21-25 provides:

When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

IT IS ORDERED that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

IT IS FURTHER ORDERED designating [Senior United States District Judge Stephen M. McNamee] to review and, if deemed suitable, to sign the order of dismissal . . . .

## I.     Background.

Plaintiff initiated this civil action with the filing of his Verified Complaint on June 10, 2025. *See* (doc. 1.) Plaintiff served all Defendants on June 16, 2025. *See* (docs. 7–9.) Defendants' deadline to answer or otherwise respond to the Verified Complaint was on July 7, 2025. *See* (doc. 10-1 at 1); *see also* Fed. R. Civ. P. 12(a)(1)(A). Defendants did not appear or otherwise defendant, leading to Plaintiff filing his Application for Entry of Default Against Defendants on July 31, 2025. (Doc. 10.) The Clerk entered default against all Defendants on August 1, 2025. (Doc. 11.) Plaintiff filed this pending Motion for Default Judgment on August 28, 2025. (Doc. 12.)

In his Motion for Default Judgment, Plaintiff seeks damages for unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA") against Defendants Air Pro Heating & Cooling LLC, Eduardo Marquez and Becky Jimenez.[2] (Doc. 12 at 1.) In his Verified Compliant, Plaintiff alleges that he was employed by Defendants between April 16, 2025, to April 30, 2025, where he "generally worked approximately between 40 and 50 hours per workweek." (Doc. 1 at 7.) Plaintiff further alleges that in his final workweek, he worked approximately 43 hours but was never compensated. (Doc. 12-1 at 2.) Plaintiff seeks judgment in the amount of $2,508—consisting of trebled damages in the amount of $2,451 and liquidated overtime damages in the amount of $57 against Defendants Air Pro Heating & Cooling LLC, Eduardo Marquez and Becky Jimenez[3]—augmented by post-judgment interest pursuant to 28 U.S.C § 1961, and permission to file a motion for attorneys' fees and costs following a potential award of default judgment. (*Id.* at 9–12.)

## II.     Legal Standard.

Rule 55 states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

---

[2]     Plaintiff notes that Becky Jimenez' full legal name is unknown, but she is believed to be the spouse of Eduardo Marquez. (Doc. 1 at 1.) Plaintiff alleges that both Defendant Marquez and Defendant Jimenez "have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable." (*Id.* at 4.)

[3]     Of that amount, Plaintiff seeks $497.70 solely against Defendant Air Pro Heating and Cooling LLC. (Doc. 12 at 10.)

otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default, the district court has discretion to grant default judgment. *See* Fed. R. Civ. P. 55(b)(2); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Court's "starting point is the general rule that default judgments are ordinarily disfavored." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In considering default judgment against parties that have "failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A default judgment entered by a district court devoid of personal or subject matter jurisdiction is void. *Id.* A court has personal jurisdiction over a party where that party has sufficient "minimum contacts" with the territory "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A court has federal-question subject matter jurisdiction where, "on the face of the plaintiff's properly pleaded complaint," the civil action in question "aris[es] under the Constitution, laws, or treaties of the United States." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 392 n.6 (1987) (quoting 28 U.S.C. § 1331).

After personal and subject matter jurisdiction have been established the court must consider whether default judgment is proper under the *Eitel* factors. *See Eitel*, 782 F.2d at 1471–72. The *Eitel* factors are:

> (1) the possibility of prejudice to the plaintiff[;] (2) the merits of plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* In applying the *Eitel* factors, the Court notes that, "for default judgment purposes[,] . . . 'well-pled allegations in the complaint regarding liability are deemed true.'" *Arizona Bd. of Regents v. Doe*, 555 F. Supp. 3d 805, 815 (D. Ariz. 2021), *aff'd sub nom. Arizona Bd.*

*of Regents for and on behalf of Arizona State U. v. Doe*, No. 21-16525, 2022 WL 1514649 (9th Cir. May 13, 2022) (quoting *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**III.    Discussion**.

The Court will proceed as follows. First, the Court will analyze whether in has subject matter jurisdiction and personal jurisdiction over the Parties. Next, the Court will analyze whether default judgment is proper under the *Eitel* factors.

A.    Subject Matter and Personal Jurisdiction.

The Court must have jurisdiction over the Parties to enter default judgment. *In re Tuli*, 172 F.3d at 712. Accordingly, the Court will analyze whether it has subject-matter jurisdiction, personal jurisdiction, and whether the District of Arizona is the proper venue for this action.

1.    *Subject-Matter Jurisdiction*.

Regarding subject-matter jurisdiction, Plaintiff asserts federal and state claims under the FLSA, AMWA, and AWA against the Defendants. (Doc. 12 at 1.) The Court has federal-question subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. The Court also exercises supplemental jurisdiction over Plaintiff's AMWA and AWA claims because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a); *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) ("The statute thus confers supplemental jurisdiction over state-law claims sharing a sufficient factual relationship with the federal claims in a case.").

2.    *Personal Jurisdiction*.

Personal jurisdiction is also satisfied in this case. There are two flavors of personal jurisdiction, namely general jurisdiction and specific jurisdiction. *Freestream Aircraft (Bermuda) Ltd. v. Aero Ltd. Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). "General jurisdiction

exists when the defendant's contacts with the forum state are so continuous and systematic as to render the defendant essentially at home in that forum." *Id.* at 602 n.2. Crucially, when analyzing personal jurisdiction, a court must find that service was effected. *See Sherrill v. Ariz. Health Care Cost Containment Sys.*, No. CV-13-195-TUC-JGZ, 2013 WL 12122671 (D. Ariz. Apr. 24, 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (citation omitted).

In the case at hand, all defendants appear to be residents of Arizona, and service was effected upon all three pursuant to Fed. Rule Civ. P. 4. Defendant Marquez was personally served at the Air Pro Heating & Cooling LLC business location. (Doc. 8.) Defendant Air Pro Heating & Cooling LLC was served through its agent authorized by law, Defendant Marquez. (Doc. 7.)

Defendant Becky Jimenez was served via an individual authorized to receive service via appointment—namely, Defendant Marquez—at the Air Pro Heating & Cooling LLC business location. (Doc. 9.) In the Proof of Service (doc. 9), Plaintiff's process server noted that:

> During service upon Eduardo Marquez at Air Pro Heating & Cooling LLC, Eduardo was able to reach Becky Jimenez on her phone. I provided Becky the option to return and personally serve her, but Becky stated that Eduardo was authorized to accept service on her behalf. I handed the Summons for Becky to her spouse, Eduardo Marquez.

(Doc. 9 at 1.) Due to the obscurity of whether Defendant Jimenez was properly served, the Court ordered Plaintiff to file a supplemental brief clarifying whether Defendant Jimenez received service of the complaint. *See* (doc. 13.) In the supplemental brief, Plaintiff re-affirms that Becky Jimenez did in-fact instruct Plaintiff's process server to give provide the summons to her husband, Defendant Marquez. *See* (doc. 14 at 1–2.) Additionally, Plaintiff provided supplemental evidence supporting that Defendant Marquez was Defendant Jimenez' spouse, and that Defendant Jimenez did work at Air Pro Heating & Cooling LLC. *See* (*id.* at 4–9.)

While not as clear as serving Defendant Jimenez or her spouse Defendant Marquez

at their abode, *see* Fed. R. Civ. P. 4(e)(2)(B), the Court finds that this a valid service upon "an agent authorized by appointment[.]" Fed. R. Civ. P. 4(e)(2)(C). Under the Second Restatement of Agency, "[a]uthority is the power of the agent to affect the legal relations of the principal by acts done in accordance with the principal's manifestations of consent to [them]." Restatement (Second) of Agency § 7 (A.L.I. 1958). "Manifestation of consent" amounts to "conduct from which, in light of the circumstances, it is reasonable for another to infer consent" to be one's agent. *Id.* cmt. b. By consenting to service upon her spouse at Air Pro Heating & Cooling LLC, Defendant Jimenez authorized Defendant Marquez to receive summons on her behalf. *See Sanchez v. Scrubs*, No. CV 17-5599-GW(JEMX), 2017 WL 10605264, at *2 (C.D. Cal. Dec. 5, 2017) ("Any agent who accepts service must be shown to have been authorized to bind his principal by acceptance of process.") (citation and internal quotation omitted); *see also* Steven Biacker-McKee & William M. Janssen, *Federal Civil Rules Handbook* 228 (2004); *Nazareth Nat'l Bank & Tr. Co. v. E.A. Intern. Tr.*, No. CIV.A. 98-6163, 1999 WL 549036, at *2 (W.D. Pa. July 26, 1999) (finding service was properly effected where a security guard who was instructed by the Defendant to receive service was given the summons). Accordingly, the Court finds that personal jurisdiction is proper in the case at hand.

   *3. Venue*.

   Venue is proper in the present case. Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." quoting 28 U.S.C. § 1391(b)(1). "Additionally, "[v]enue is proper in any district 'in which a substantial part of the events or omissions giving rise to the claim occurred.'" *Noodles Dev., LP v. Hui*, No. CV-12-01165-PHX-ROS, 2013 WL 12111103, at *6 (D. Ariz. July 22, 2013) (quoting 28 U.S.C. § 1391(b)(2)). Because all the Defendants appear to be Arizona residents, and because the acts giving rise to Plaintiff's claims occurred in Arizona, venue is satisfied.

   B. <u>Default Judgment</u>.

   Plaintiff seeks an entry of default judgment as to all named Defendants. The Court

will accordingly analyze whether default judgment is proper under the seven *Eitel* factors.

    *1. The Possibility of Prejudice to the Plaintiff.*

The first factor favors granting Plaintiff's motion for default judgment because Plaintiff will be prejudiced if default judgment is not entered. No Defendant has responded to Plaintiff's complaint nor "participate[d] in the litigation." (Doc. 12 at 3.) "If Plaintiff's motion for default judgment is not granted, Plaintiff 'will likely be without other recourse for recovery.'" *United States v. $86,496.00 in U.S. Currency*, 2008 WL 2687141, at *2 (D. Ariz. 2008) (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

    *2. The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint.*

The second and third *Eitel* factors "are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Ent. USA Inc. v. Baldinsky*, No. CV-22-00970-PHX-DWL, 2023 WL 8185673, at *3 (D. Ariz. Nov. 27, 2023) (citation omitted). In Plaintiff's Complaint, he notes Defendants failed to compensate him for 40 hours of general wages and 3 hours of overtime-pay. *See* (doc. 1 at 8–9); *see also* (doc. 12 at 5). Because these allegations are taken as true, Plaintiff has stated a claim upon which he may recover. *See Castro v. C&C Verde LLC*, No. CV-18-04715-PHX-JZB, 2019 WL 13244384, at *2 (D. Ariz. July 9, 2019) (stating that in considering a motion for default, the plaintiff's allegations about not being properly paid overtime wages "are taken as true"). Therefore, these factors weigh in favor of granting Plaintiff's motion for default judgment.

    *3. The Sum of Money at Stake in the Action.*

Under the Fourth *Eitel* factor, "the Court considers the amount of money at stake in relation to the seriousness of the defendant[s'] conduct." *Su v. Infinisys Inc.*, No. CV-23-00776-PHX-DWL, 2023 WL 6517445, at *2 (D. Ariz. Oct. 5, 2023). This factor requires the Court to "assess whether the recovery sought is proportional to the harm caused by defendant[s'] conduct." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, Plaintiff seeks $4,461.30 in unpaid wages, overtime, and liquidated damages.[4] (Doc. 12 at 8–11.) Plaintiff notes that he "does not have complete time or pay records in his possession, and Defendants have not produced complete and exact time records for Plaintiff as a result of their refusal to participate in this matter." (*Id.* at 4.) However, Plaintiff asserts that "[t]he failure by an employer to keep and maintain adequate and accurate records for its employees violates the FLSA and 29 C.F.R. § 516's strict recordkeeping requirements." (*Id.*) Furthermore, Plaintiff cites the Ninth Circuit's decision in *Brock v. Seto*. (*Id.*) In Brock, the Ninth Circuit noted that "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of a just and reasonable inference." *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)) (emphasis omitted).

In light of the evidence provided and the lack of evidence to the contrary provided by the defaulting Defendants, the Court finds that Plaintiff's request for $4,461.30—with $2,508 coming from Defendant Air Pro Heating & Cooling LLC and $1,953.30 against Defendants Air Pro Heating & Cooling LLC, Eduardo Marquez, and Becky Jimenez—is reasonable. Accordingly, this factor weighs in favor of granting Plaintiff's motion for default judgment. See *Castro*, 2019 WL 13244384, at *3 (finding a judgment in the amount of $44,975.98 reasonable for payment of overtime the plaintiff worked).

> **4.** *The Possibility of a Dispute Concerning Material Facts, Whether the Default was Due to Excusable Neglect, and the Strong Policy Favoring Decisions on the Merits.*

Where the Defendants have not participated in the litigation, the "fifth, sixth, and seventh factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020). As the *Zekelman* court noted:

---

[4]    Plaintiff notes that he will pursue attorneys' fees and costs if the Court enters an award for default judgment. (Doc. 12 at 11.)

      The fifth and sixth factors weigh in favor of default judgment or are neutral. Due to Defendants' failure to participate, there is no dispute over material facts (except as to damages) and no indication that default is due to excusable neglect.

      The seventh factor generally weighs against default judgment, given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the existence of Rule 55(b) of the Federal Rules of Civil Procedure, which authorizes default judgments, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177.

*Id*. at *4. Because there is no dispute over material facts due to Defendants' default, and because Defendants default was not due to excusable neglect as the Defendants were all served, the Court finds that the fifth and sixth Eitel factors weigh in favor of granting Plaintiff's motion for default judgment. Finally, because no Defendant has contested Plaintiff's Complaint, the Court finds that while this factor disfavors default judgment, it is insufficient to wholly preclude Plaintiff from receiving default judgment.

**IV.    Conclusion**.

      Having determined that subject-matter jurisdiction, personal jurisdiction, and venue is proper in the current action, and finding that the *Eitel* factors weigh in favor of entering default judgment against the Defendants, the Court recommends Plaintiff's Motion for Entry of Default Judgment Against Defendants be granted.

      Accordingly,

      **IT IS RECOMMENDED** that Plaintiff's Motion for Entry of Default Judgment Against Defendants (doc. 12) be **GRANTED**.

      **IT IS FURTHER RECOMMENDED** that judgment in the amount of $2,508 be entered against Defendant Air Pro Heating & Cooling LLC.

      **IT IS FURTHER RECOMMENDED** that judgment in the amount of $1,953.30 be entered against Defendants Air Pro Heating & Cooling LLC, Eduardo Marquez, and Becky Jimenez.

      **IT IS FURTHER RECOMMENDED** that Plaintiff may file a motion for attorneys' fees and costs within **FOURTEEN (14) DAYS** if the District Court adopts this

Report and Recommendation.

**IT IS ORDERED** that the Clerk shall mail a copy of this Report and Recommendation to: 2816 E Jones Ave., Ste 4, Phoenix, AZ, 85040. Defendants shall have up to and until **NOVEMBER 14, 2025**, to file objections to this recommendation. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 6, 72.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have up to and until **NOVEMBER 14, 2025**, to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 6, 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 22nd day of October, 2025.

Honorable John Z. Boyle
United States Magistrate Judge