WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alonso Alexander Guardado Lopez, | No. CV-25-02009-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Air Pro Heating & Cooling LLC, et al., | |
| Defendants. | |

This matter was assigned to Magistrate Judge John Z. Boyle. (Doc. 3). On October 23, 2025, the Magistrate Judge filed a Report and Recommendation ("R&R") with this Court granting Plaintiff's Motion for Entry of Default Judgment (Doc. 12) and awarding damages for unpaid wages and overtime wages against Defendants.[1] (Doc. 15). To date,

---

[1]  This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:
>
> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

no objections have been filed. For the reasons set forth below, the Court modifies the Magistrate Judge's R&R. (Doc. 15).

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting *de novo* review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

**DISCUSSION**

Having reviewed the Magistrate Judge's R&R, Plaintiff's Motion, and supporting affidavit, the Court hereby modifies the Magistrate Judge's R&R. The Court agrees with the Magistrate Judge that entry of default judgment is proper, however, the Court disagrees with the total damages awarded. (Doc. 15).

The Court need not simply accept the amount of damages Plaintiff requests in granting default judgment. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Instead, there must be some evidentiary basis for the damages sought by Plaintiff. See Avila v. JBL Cleaning Servs. LLC, No. CV-23-00398-PHX-DJH, 2024 WL 863710, at *5 (D. Ariz. 2024). The Court may, however, enter default judgment without a damages hearing where, as here, "the amount claimed is a liquidated sum or capable of mathematical calculation." Million v. Pindernation Holdings LLC, No. CV-23-00072-PHX-MTL, 2023 WL 2813684, at *5 (D. Ariz. 2023); see also, Elektra Ent. Grp., Inc. v. Bryant, No. CV 03-6381GAF(JTLX), 2024 WL 783123, at *2 (C.D. Cal. 2004) (explaining that the plaintiff's "burden in 'proving up' damages is relatively lenient" and the "court can rely on the declarations submitted by the plaintiff").

Additionally, "[a] default judgment must not differ in kind, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); see Fong v. United States, 300 F.2d 400, 413 (9th Cir. 1962) (stating that a default judgment may not be different in kind from or exceed in amount that prayed for in the complaint). Under the Fair Labor Standards Act ("FLSA"), an employer must pay an employee overtime "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207 (a)(1). Plaintiff stated in his affidavit that his regular rate of pay was $19 per hour. (Doc. 12-1). Thus, the overtime calculation should be the regular hourly rate ($19) times one and one-half (1.5) times the total hours of overtime, which in this case is three (3) hours of overtime. Therefore, the total amount of overtime damages is $114. Also, Plaintiff is entitled to liquidated (double) damages for unpaid overtime and should be entitled to $228 under the FLSA. See 29 U.S.C. § 216(b). However, Plaintiff only requested $57 in overtime damages. (Doc. 12 at 10). Since a damages award in default judgment cannot "exceed in amount[] what is demanded in the pleadings", Plaintiff can only receive $57 in overtime damages. Fed. R. Civ. P. 54(c); see Fong, 300 F.2d at 413.

The Court also noticed an error on page 11 of the Motion (Doc. 12 at 11) and page 9 of the R&R (Doc. 15 at 9) that Plaintiff should be awarded $2,508 against Defendant Air Pro Heating & Cooling LLC and $1,953.30 against all Defendants. Under the Arizona Wage Act ("AWA") Plaintiff can only recover regular wage damages against the employer, whereas the Arizona Minimum Wage Act ("AMWA") allows recovery from an "employer or other person". See A.R.S. § 23-355(A); compare A.R.S. § 23-364. Accordingly, subtracting the $2,451 trebled regular wage damages from the $1,896.30 trebled minimum wage damages leaves the employer Defendant Air Pro Heating & Cooling LLC liable for $497.70 in trebled regular wage damages. (Doc. 12 at 10). Therefore, the Court will award statutory damages of $497.70 against Defendant Air Pro Heating & Cooling LLC for unpaid regular wage damages. (Id.); A.R.S. § 23-355(A).

**CONCLUSION**

Accordingly,

**IT IS ORDERED modifying** the Report and Recommendation of the Magistrate Judge. (Doc. 15).

**IT IS FURTHER ORDERED granting** Plaintiff's Motion for Default Judgment. (Doc. 12).

**IT IS FURTHER ORDERED** that Plaintiff Alonso Alexander Guardado Lopez is entitled to judgment in the amount of $497.70 against Defendant Air Pro Heating & Cooling LLC. This amount shall be subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** that Plaintiff Alonso Alexander Guardado Lopez is entitled to judgment in the amount of $1,953.30 against Defendants Air Pro Heating & Cooling LLC, Eduardo Marquez, and Becky Jiminez, in which they shall be jointly and severally liable. This amount shall be subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED directing** Plaintiff to file a motion for attorney fees and costs on or before November 26, 2025 pursuant to LRCiv 54.2.

Dated this 12th day of November, 2025.

_____
Stephen M. McNamee
Senior United States District Judge