**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alonso Alexander Guardado Lopez,<br><br>Plaintiff,<br><br>v.<br><br>Air Pro Heating & Cooling LLC, et al.,<br><br>Defendants. | No. CV-25-02009-PHX-SMM (JZB)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT JUDGE**:

Pending before the Court is Plaintiff's "Motion for Award of Attorneys' Fees and Costs Against All Defendants" ("Motion for Attorneys' Fees") (doc. 18). This Report and Recommendation is filed pursuant to LRCiv 72.2, permitting a magistrate judge to issue reports and recommendations in connection with "post judgment proceedings[.]" LRCiv 72.2(a)(16).

Plaintiff seeks an award of $11,752.50 in attorneys' fees in costs pursuant to the Fair Labor Standards Act ("FLSA") and Arizona Minimum Wage Act ("AMWA"). (Doc. 18 at 1, 17.) Both statutes allow the prevailing party to recover attorneys' fees and costs. *See* A.R.S. § 23-364(G); *see also* 29 U.S.C. § 216(b). In light of the Clerk of Court's entry of Default Judgment (docs. 16–17), and because the sums requested are reasonable and supported with the requisite documentation, the Court recommends **granting** Plaintiff's Motion for Attorneys' Fees **with modifications** in the amount of attorneys' fees awarded

and omission of speculative collection costs.

**I.     Background**.

Plaintiff initiated this civil action with the filing of his Verified Complaint on June 10, 2025. *See* (doc. 1.) Plaintiff served all Defendants on June 16, 2025. *See* (docs. 7–9.) Defendants' deadline to answer or otherwise respond to the Verified Complaint was on July 7, 2025. *See* (doc. 10-1 at 1); *see also* Fed. R. Civ. P. 12(a)(1)(A). Defendants did not appear or otherwise defend, leading to Plaintiff filing his Application for Entry of Default Against Defendants on July 31, 2025. (Doc. 10.) The Clerk entered default against all Defendants on August 1, 2025. (Doc. 11.)

On August 28, 2025, Plaintiff filed a Motion for Entry of Default Judgment Against Defendants. (Doc. 12.) On October 23, 2025, this Court issued a Report and Recommendation recommending that Plaintiff's Motion for Entry of Default Judgment be granted. (Doc. 15.) On November 13, 2025, the District Court issued an Order modifying this Court's Report and Recommendation and granting Plaintiff's Motion for Entry of Default Judgment. (Doc. 16.)

On November 25, 2025, Plaintiff filed the instant Motion. (Doc. 18.) In conjunction with the Motion, Plaintiff filed a LRCiv 54.1 Bill of Costs (doc. 19) on the same day.

**II.     Legal Standard**.

Pursuant to Rule 54, a party may move for attorneys' fees and related non-taxable expenses via motion that: (a) is filed within "14 days after the entry of judgment"; (b) specifies the "grounds entitling the movant to the award"; (c) "state[s] the amount sought" and (d) "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B); *see also* LRCiv 54.2.

Here, the grounds entitling the movant to an award of attorneys' fees and costs are the FLSA and AMWA. Under the FLSA, where an employer fails to pay an employee's wages as required under 29 U.S.C. § 206, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Under the AMWA,

where an "employer . . . fails to pay the wages . . . required under this article," the "prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S. § 23-364(G). A party who prevails on default judgment is considered the prevailing party. *See G&G Closed Cir. Events LLC v. Carbajal*, No. CV-20-00838-PHX-SPL, 2020 WL 6699485, at \*1 (D. Ariz. Nov. 13, 2020) ("Parties prevailing on default judgment are still prevailing parties for the purposes of awarding attorneys' fees.").

In analyzing the reasonableness of requested attorneys' fees, the Court applies the Lodestar method. *See Puente Arizona v. Penzone*, No. CV-14-01356-PHX-DGC, 2017 WL 4805116, at \*1 (D. Ariz. Oct. 25, 2017). The Lodestar method is a two-step process whereby the court first "multiplies the number of hours reasonably expended on a case by a reasonable hourly rate." *Roberts v. City of Honolulu*, 938 F.3d 1020,1023 (9th Cir. 2019) (cleaned up). "Second, the court determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016).

The reasonable hourly rate is assessed by "the prevailing market rate in the relevant community." *Id.* To obtain an award of attorneys' fees and costs, the prevailing party must file a motion for fees and submit evidence in support of the proposed award. *Machowski v. 333 N. Placentia Prop.*, LLC, 38 F.4th 837, 841 (9th Cir. 2022). In determining the reasonably hourly rate, the Court is not guided by the hours charged by the prevailing party's attorney, but is rather "guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

The number of hours considered in the Lodestar calculus is not limited to those hours expended up to a favorable judgment. Rather, "[i]n statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659–60

(9th Cir. 1985). This includes FLSA actions. *See Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 479 (D. Ariz. 2019) ("Indeed, courts within the Ninth Circuit have awarded attorneys' fees to prevailing plaintiffs in FLSA actions for the costs incurred in preparing their motions for attorneys' fees.").

"[I]n appropriate cases, the district court may judge the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.* . . . that have not been subsumed in the lodestar calculation." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).[1]

**III.    Discussion**.

In the case at hand, Plaintiff's attorney was hired on a contingency fee basis, not on an hourly basis. *See* (doc. 18 at 4); *see also* (doc. 18-1.) Plaintiff's attorney is requesting an hourly rate of $495. (Doc. 18 at 4.) In total, Plaintiff's attorney has spent 17.2 hours on this action. (*Id.* at 6.) Plaintiff seeks $7,654 in attorneys' fees for those hours worked.[2] (*Id.*) Additionally, Plaintiff's attorney is seeking $577.80 in out-of-pocket costs, and $3,520.70 "in attorneys' fees and costs to be incurred in potential collection efforts[.]" (*Id.* at 7.) In total, Plaintiff's attorney is seeking $11,752.50 in attorneys' fees and costs. (*Id.*)

The Court finds that the hours billed and the hourly rate requested is *presumptively*

---

[1]    Local Rule 54.2(c) adds an additional factor to the list, namely, "Any other matters deemed appropriate under the circumstances." LRCiv 54.2(c)(3)(M).

[2]    The Court notes Plaintiff's woeful math in this matter. Specifically, the Court notes that 17.2 multiplied by 495 equates 8,514, not 7,654. Rather 445 times 17.2 equates 7,654.

*reasonable* in light of the District of Arizona's precedent.[3] *See Ubinger v. Urb. Housekeeping LLC*, No. CV-23-01802-PHX-ROS, 2024 WL 3045303, at *3 (D. Ariz. June 18, 2024) (finding that 24.2 hours worked at $445, for a total of $10,769.00, was presumptively reasonable) (emphasis added). However, this preliminary finding *does not* end the Court's analysis. Rather, because the Court finds the Lodestar figure presumptively reasonable, it will need to address Plaintiff's request in light of the *Kerr* factors. Thereafter, the Court will address Plaintiff's request for out-of-pocket costs and presumptive collection effort costs.

A. *Reasonableness of Requested Attorneys' Fees*.

The Court will address each individual *Kerr* reasonableness factor below.

1. Time and Labor.

Plaintiff represents that her counsel expended 17.2 hours on this action. (Doc 18. at 6.) The Court finds no issue with the tenth of an hour time increment counsel uses. *See* (doc. 18-5 at 2–3.) However, the Court will excise several time entries as they are administrative or clerical tasks.

"Attorneys' fees should not be given for the performance of administrative tasks which could and should be performed by secretarial or paralegal staff." *Gary*, 398 F. Supp. 3d at 487. Administrative or clerical tasks include: (a) sending and receiving a representation agreement; (b) gathering documents to send to process server; and (c) filing notice that service was executed, to name a few. *See Avila v. JBL Cleaning LLC*, No. CV-23-00398-PHX-DJH, 2025 WL 755421, at *2 (D. Ariz. Mar. 10, 2025) (excising those delineated activities from counsel's total hours worked).

Here, counsel's timesheet contains several activities that fall squarely under the administrative or clerical banner. Those activities are:

- Send representation agreement (0.1 hours);
- Receive signed agreement, create file (0.1 hours);

---

[3] Additionally, the Court notes that Plaintiff's Motion for Attorneys' Fees (doc. 18) and Bill of Costs (doc. 19) were filed within 14-days of Entry of Default Judgment. Accordingly, both documents are timely. *See* LRCiv. 54.1(a); *see also* LRCiv. 54.2(b)(2); Fed. R. Civ. P. 54(b)(2)(B)(i).

- Send complaint to client for review and signature (0.1 hours);
- Receive signed complaint (0.1 hours);
- Finalize, file complaint (0.1 hours);
- Draft Magistrate consent form, file (0.1 hours);
- Compile case documents, send to process server (0.2 hours);
- Two entries of email threads with process server regarding case (0.3 hours);
- Email thread with process server re service executed (0.1 hours);
- Review Party Agreement to Magistrate Judge Jurisdiction (0.1 hours);
- Finalize, file application for entry of default (0.1 hours);
- Send, receive signed declaration from client (0.1 hours);
- Finalize, file motion for default judgment (0.1 hours);
- Send motion to Chambers (0.1 hours);
- Discuss Order with Process Server (0.2 hours); and
- Finalize, file motion for attorneys' fees and costs (0.1 hours).

*See* (doc. 18-5 at 2–3.)

The Court recommends these entries be excised from the total hours billed. Such omission would be in line with the District of Arizona's precedent. *See Avila*, 2025 WL 755421, at *2; *see also Romero v. Synergy Restoration LLC*, No. CV-24-01602-PHX-MTL, 2025 WL 509259, at *3 (D. Ariz. Feb. 14, 2025) (excising substantially the same list of billed errors). This brings the total hours incurred to 15.2 hours.

2. Novelty and Difficulty of the Questions Involved.

Because this action resulted in default judgment, there were few—if any—novel or challenging questions incurred. Additionally, Plaintiff notes that the legal issues "were not novel in this jurisdiction . . . . [and t]his was a straightforward claim[.]" (Doc. 18 at 8.) This factor is accordingly neutral and does not result in any modification of the Lodestar amount. *See Ubinger*, 2024 WL 3045303, at *3 ("This case involved a straightforward claim that comes reasonably often before this Court. This factor is neutral.") (cleaned up).

3. Skill Requisite to Perform the Legal Service Properly.

Plaintiff contends that while FLSA suits are "otherwise straightforward [in] nature," that "[t]he legal issues raised by this . . . action were sophisticated and required extensive knowledge of the law[.]" (Doc. 18 at 9.) The Court is unconvinced. Rather, "[t]he Court

finds it takes a moderate amount of skill to litigate FLSA cases." *Verduzco v. Value Dental Ctrs. Mesa W. AZ LLC*, No. CV-20-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022).

4. <u>Preclusion of Other Employment</u>.

Plaintiff states that counsel "was not significantly precluded from other work because of this representation." (Doc. 18 at 9.)

5. <u>Customary Fee</u>.

Plaintiff asserts that the $495-an-hour fee is reasonable. (*Id.* at 4.) The Court disagrees. Considering the majority of the District of Arizona's precedent have found that $445 an hour is reasonable, including this Court's decision two months ago, the Court finds $445 an hour is the reasonable benchmark. *See, e.g.*, *Romero*, 2025 WL 509259, at *3 ("Counsel asserts that his hourly rate of $445.00 is reasonable[.] The Court agrees.") (citing *Romero v. Steel Roots LLC*, No. CV-23-01033-PHX-ROS, 2024 WL 2389353, at *2 (D. Ariz. May 23, 2024) ("The Court finds the prevailing rates for FLSA cases in the District of Arizona and Mr. Bendau's experience support the requested hourly rate. The Court finds the $445 hourly rate reasonable.")); *Miles v. Thomas Suites Campus of Care LLC*, No. CV-24-01286-PHX-SMM (JZB), 2025 WL 3251709, at *5 (D. Ariz. Nov. 3, 2025) (finding $445 an hour is reasonable), *report and recommendation adopted as modified*, No. CV-24-01286-PHX-SMM (JZB), 2025 WL 3237453 (D. Ariz. Nov. 20, 2025); *Heredia v. IPVision Inc.*, No. CV-24-00116-TUC-RCC, 2024 WL 3951980, at *2 (D. Ariz. Aug. 27, 2024) (finding $445 an hour reasonable).

6. <u>Whether the Fee is Fixed or Contingent</u>.

Plaintiff notes that the representation agreement between himself and Clifford Bendau[4] was on a contingency fee. (Doc. 18 at 9.) Additionally, Plaintiff asserts that because this was a contingency fee agreement, that the Court may increase counsel's hourly rate. (*Id.* at 10.) "The Court acknowledges that agreeing to a contingency fee basis of

---

[4] The Court notes that Plaintiff's timesheet seems to evince Christopher Bendau worked on this matter. However, Plaintiff's Motion states that Clifford Bendau worked on this action. Accordingly, the Court shall construe this action as if it were litigated by Clifford Bendau.

representation supports the potential for a larger award of attorneys' fees." *Lemus v. Blackrock CM Inc.*, No. CV-24-02561-PHX-JAT, 2025 WL 460548, at \*3 (D. Ariz. Feb. 11, 2025) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

   7.   Time Limitation Imposed.

Plaintiff states that "[t]here was no time limitation imposed by either the client or the circumstances." (Doc. 18 at 11.) Accordingly, this factor is of minimal weight in the reasonableness inquiry. *See Lemus*, 2025 WL 460548, at \*3.

   8.   The Amount Involved and Results Obtained.

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Plaintiff's counsel claims that "he has obtained excellent results and has assisted Plaintiff in recovering well in excess of the total amount in unpaid wages that Defendants owed him." (Doc. 18 at 12.) This factor, and the results received, "weighs in favor of awarding the full lodestar amount." *Ubinger*, 2024 WL 3045303, at \*3.

   9.   Experience, Reputation, and Ability of the Attorney.

Plaintiff's counsel asserts that he is an experienced attorney in FLSA suits. *See* (doc. 18 at 12–13.) The Court acknowledges counsel's experience in FLSA matters.

   10. The Undesirability of the Case.

Plaintiff's counsel asserts that this case was undesirable because of "the speculative amount of available fees, the opportunity cost of taking on a matter that did not result in payment, and the possibility of expending costs for filing and service that would have been lost in the event of non-recovery all contributed to the risk involved." (doc. 18 at 13.) While the Court agrees that this case was undesirable, "this factor does not justify an adjustment to the lodestar amount." *Ubinger*, 2024 WL 3045303, at \*3.

   11. The Nature and Length of the Professional Relationship with the Client.

Plaintiff notes that this is the only instance Clifford Bendau has represented him. *See* (doc. 18 at 13.) This factor is accordingly neutral. *See, e.g.*, *Ubinger*, 2024 WL 3045303, at \*3 ("Mr. Bendau has never represented Plaintiff before this case. This factor

is neutral.").

12. Awards in Similar Cases.

Plaintiff asserts that the requested amount of attorneys' fees is reasonable. *See* (doc. 18 at 13.) Considering this District of Arizona's precedent, the Court agrees that a *reduced* amount of attorneys' fees is reasonable.[5] *See Lemus*, 2025 WL 460548, at *3 (granting $7,743.00 in attorneys' fees); *see also Delgado v. Fast Wireless LLC*, No. CV-24-00203-PHX-JAT, 2025 WL 40761, at *4 (D. Ariz. Jan. 7, 2025) (granting $8,588.50 in attorneys fees').

13. Conclusion Based on *Kerr* Reasonableness Factors.

For the foregoing reasons, the Court finds Plaintiff's requested attorneys' fees to be reasonable with modification. Accordingly, the Court **recommends** that the attorneys' fees award be reduced to **$6,764.00**.

B. *Out-of-Pocket Costs*.

Plaintiff seeks $577.80 in out-of-pocket costs.[6] (Doc. 18 at 14.) This includes $405 in fees of the Clerk and $172.80 in fees for service of summons and subpoena. (Doc. 19 at 1.) These amounts are taxable costs, and accordingly, Plaintiff must comply with LRCiv 54.1 to receive them. *See* LRCiv 54.1(a), (e)(1). Seeing as Plaintiff filed a Bill of Costs within the 14-day deadline, *see* (doc. 19), the Court **recommends** Plaintiff be awarded out-of-pocket costs in the amount of **$577.80**.

//

---

[5] As a final note, the Court acknowledges that the requested amount of attorneys' fees is in excess of the award received. *Compare* (doc. 16) *with* (doc. 18). However, such discrepancy has not precluded attorneys' fees in the past. *See Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988) ("[C]ourts should not reduce lodestars based on relief obtained simply because the amount of damages recovered on a claim was less than the amount requested."); *see also Medina v. Gilbert Mega Furniture, LLC*, No. CV-16-04033-PHX-SPL, 2019 WL 3778406, at *3 (D. Ariz. Aug. 12, 2019) (awarding attorneys' fees around 10 times the amount awarded) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134–35 (6th Cir. 1994)).

[6] The Court notes that Plaintiff appears to misstate the amount of out-of-pocket costs requested. See (Doc. 19 at 13) ("Plaintiff's Counsel seek reimbursement of actual litigation expenses in the amount of $707.61."). This is not the first mistake the Court has caught in Plaintiff's motion. The Court recommends that for future motions for attorneys' fees and costs, Plaintiff double-check the total dollar amounts requested before submitting recycled motions.

*C. Prospective Collection Costs.*

Plaintiff also seeks $3,520.70 "in attorneys' fees and costs to be incurred in potential collection efforts[.]" (Doc. 18 at 7.) This includes a $850 retainer, plus 25% of the recovery for collections efforts, which Plaintiff estimates is $2,6270.70.[7] (*Id.* at 17.) In support of this request, Plaintiff files an exhibit containing an example Client Representation Agreement regarding collections matters and a photocopy of an example check paying the $850 retainer. *See* (doc. 18-9); *see also* (doc. 18-10.)

While the Court understands that these fees are necessary to recover from Defendants, it does not agree that a $3,520.70 award is warranted. While Plaintiff references a few cases stating that such speculative costs are recoverable, *see generally* (doc. 18 at 17), those decisions appear to run afoul of the majority of this District's prior decisions. *See Romero*, 2025 WL 509259, at *5 ("The Court finds this request speculative because anticipated collection costs simply are not ripe for award."); *see also Steel Roots LLC*, 2024 WL 2389353, at *4 ("The Court recognizes Plaintiff may well need to pay the $650 retainer and 25% of the recovery for collection efforts, but these fees and costs are not ripe to recover before Plaintiff incurs them."); *Lemus*, 2025 WL 460548, at *4 ("Plaintiff seeks $3,201.06 in anticipated collection expenses[.] Plaintiff concedes that the District of Arizona frequently denies such requests[.] In fact, this Court has specifically denied such requests."); *Ubinger*, 2024 WL 3045303, at *4 ("But costs that Plaintiff has not yet incurred, and may never incur, still qualify as "speculative."). Additionally, granting anticipated costs runs afoul of this Court's prior Report and Recommendation on the matter in a separate case—which, on this matter, the District Court agreed. *See, e.g.*, *Miles*, 2025 WL 3251709, at *5.

Therefore, the Court finds an advance award of anticipated collections costs inappropriate. However, as the $850 cost is more concrete than the other anticipated costs, the Court **recommends** awarding **$850.00**.

---

[7] The Court notes that this another instance of woeful calculation. Specifically, the total award Plaintiff received—without considering post-judgment interest—is $2,451.00. (Doc. 16 at 4.) Consequently, 25% of 2,451.00 *is* $612.75*, not* $2,6270.70.

Accordingly,

**IT IS RECOMMEDED** that Plaintiff's Motion for Award of Attorneys' Fees and Costs Against All Defendants (doc. 18) be **GRANTED WITH MODIFICATIONS**.

**IT IS FURTHER RECOMMENDED** that Plaintiff receive attorneys' fees in the amount of **$6,764.00**.

**IT IS FURTHER RECOMMENDED** that Plaintiff receive out-of-pocket costs in the amount of **$577.80**.

**IT IS FURTHER RECOMMENDED** that Plaintiff receive **$850.00** in collection costs.

**IT IS FURTHER RECOMMENDED** that, in all other respects, Plaintiff's Motion for Award of Attorneys' Fees and Costs Against All Defendants (doc. 18) be **DENIED**.

//
///
//
///
//
///
//
///
//
///
//
///
//
///
//
///
//

- 11 -

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 6th day of February, 2026.

Honorable John Z. Boyle
United States Magistrate Judge