**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alonso Alexander Guardado Lopez, | No. CV-25-02009-PHX-SMM (JZB) |
| Plaintiff, | |
| v. | **AMENDED ORDER** |
| Air Pro Heating & Cooling LLC, et al., | |
| Defendants. | |

This matter was assigned to Magistrate Judge John Z. Boyle. (Doc. 3). On February 6, 2026, the Magistrate Judge filed a Report and Recommendation with this Court.[1] (Doc. 20). To date, no objections have been filed. The Magistrate Judge recommends that the Court grant Plaintiff's Motion for Award of Attorneys' Fees and

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

**IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

**IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

Costs (Doc. 18) with modifications. (Doc. 20). For the reasons set forth, the Court rejects the Magistrate Judge's Report and Recommendation.

### STANDARD OF REVIEW

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting *de novo* review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

### DISCUSSION

Having reviewed the Report and Recommendation of the Magistrate Judge, and no Objections having been made by any party thereto, the Court hereby rejects the Magistrate Judge's Report and Recommendation. (Doc. 20).

The Court agrees with all the issues noted in the Magistrate Judge's Report and Recommendation with Plaintiff's Motion for Attorneys' Fees. (Id.) However, upon the Court's review of Plaintiff's itemization of attorneys' fees and costs, the Court found additional entries of time for administrative tasks. Administrative tasks are not compensable as attorney fees. See Neil v. Comm'r of Soc. Sec., 495 Fed.Appx. 845, 847 (9th Cir. 2012) (holding that "the district court did not abuse its discretion in declining to award [ ] attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons"); see also Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) (holding that clerical tasks such as filing and document organization "should have been subsumed in firm overhead rather than billed at paralegal rates"). The Court finds that the following tasks are not commensurable as attorney fees:

- 2 -

- Send representation agreement (0.1 hours)
- Receive signed agreement, create file (0.1 hours)
- Send complaint to client for review and signature (0.1 hours)
- Receive signed complaint (0.1 hours)
- Finalize, file complaint (0.1 hours)
- Draft magistrate consent form, file (0.1 hours)
- Compile case documents; send to process server (0.2 hours)
- Email thread with process server re case (0.2 hours)
- Review party agreement to magistrate jurisdiction (0.1 hours)
- Email thread with process server re case (0.1 hours)
- Email thread with process server re service executed (0.1 hours)
- File service executed (0.1 hours)
- Finalize, file application for entry of default (0.1 hours)
- Send, receive signed declaration from client (0.1 hours)
- Finalize, file motion for default judgment (0.1 hours)
- Send motion to chambers (0.1 hours)
- Discuss Order with process server (0.2 hours)
- Finalize, file supplemental brief (0.3 hours)
- Finalize, file motion for attorneys' fees & costs (0.1)

(Doc. 18-5 at 2-3). The Court has already informed Plaintiff's counsel numerous times that he is not entitled to attorneys' fees for administrative tasks,[2] yet Plaintiff's counsel continues to request them.[3]

Additionally, Plaintiff requested attorney fees for unreasonable time amounts. The Court takes issue with the following entries:

---

[2] See Fuehrer v. Edelweiss Phoenix Incorporated et al., No. CV-24-00178-PHX-SMM (D. Ariz. October 3, 2024); see also Miles v. Thomas Suites Campus of Care LLC et al., 2:24-cv-01286-SMM-JZB (D. Ariz. November 20, 2025); see also Quigley v. Soul Surgery LLC et al., 2:24-cv-01050-SMM-ASB (D. Ariz January 14, 2026); see also Rasmussen v. Dream Helpers LLC et al., 2:23-cv-01808-SMM-JZB (D. Ariz. February 24, 2025); see also Ramos v. Probuilds LLC et al., 2:23-cv-01111-SMM-DMF (D. Ariz. March 12, 2024); see also Robinson v. Beyond Food LLC et al., 2:23-cv-00443-SMM-CDB (D. Ariz. February 2, 2024); see also Shorty v. Day and Night Medical Trans Incorporated et al., 2:23-cv-00084-SMM-ASB (D. Ariz. January 4, 2024); see also Rodriguez v. D'Auto Boys LLC et al, 2:22-cv-01420-SMM-JZB (D. Ariz. April 29, 2024).

[3] Plaintiff's counsel is reminded of his obligation to comply with Rule 11 of the Federal Rules of Civil Procedure and that sanctions may result if counsel seeks relief that is not permitted under the law. The Court has already reminded Plaintiff's counsel of this obligation. See e.g., Villa v. Express Truss & Framing Systems LLC, et al., No. CV 24-01890-PHX-SMM-ASB (D. Ariz. July 24, 2025); see also Quigley v. Soul Surgery LLC, et al., No. CV 24-01050-PHX-SMM-ASB (D. Ariz. January 14, 2026).

- Begin drafting Application for Entry of Default (0.5 hours)
- Begin drafting Motion for Default Judgment (1 hour)
- Draft declaration in support (0.5 hours)
- Begin drafting motion for attorneys' fees & costs (2 hours)
- Continue drafting motion for attorneys' fees & costs (1 hour)
- Continue drafting motion for attorneys' fees & costs (1 hour)

(Doc. 18-5 at 2-3). It is unreasonable for Plaintiff's Counsel to bill 0.5 hours for drafting the application for entry of default. (See Doc. 10). The application is only two sentences and states the following:

> Plaintiff, Alonso Alexander Guardado Lopez ("Plaintiff"), requests that the Clerk of Court enter default against Defendants, Air Pro Heating & Cooling LLC and Eduardo Marquez and Becky Jimenez ("Defendants"), pursuant to Fed. R. Civ. P. 55(a). In support of this request, Plaintiff relies on the record in this case and the affidavit submitted as "Exhibit A."

(Id.) Also, the affidavit submitted as Exhibit A is identical, except for the change of the Defendants' names and the date, to the affidavit submitted to this Court in Plaintiff's counsel's other cases before this Court. (See Doc. 10-1). Plaintiff's counsel also has not demonstrated how the motion for default judgment took one hour, the draft declaration took 0.5 hours, and the motion for attorneys' fees and costs took four hours to complete when all the motions are nearly identical to those Plaintiff's counsel has submitted to this Court in other cases.

Further, the Court has already informed Plaintiff's counsel numerous times regarding issues with his templates, including in this case. This Court noted in its prior order granting Plaintiff's Motion for Default Judgment that it included numerous errors in the damage calculations. (Doc. 16 at 3). Also, the Magistrate Judge noted Plaintiff's counsel's "woeful calculation" issues in his Report & Recommendation. (Doc. 20 at 10, n.7).

Additionally, the Court disagrees with the Magistrate Judge's recommendation that Plaintiff should receive $850 in anticipated collection costs. (Doc. 20 at 10). Plaintiff submitted a letter and check for $850 that he allegedly paid to Parker Law Firm PLLC ("Parker Law") in 2024 as part of a retainer in a different case. (Doc. 18-10). However,

Plaintiff has not presented any evidence that it paid Parker Law a retainer in this matter. Thus, the request is speculative, and Plaintiff is not entitled to the cost of the retainer. See Ramirez v. Unique Transitional Homes Staffing LLC, No. CV-23-01882-PHX-DCG, 2024 WL 3345205, at *2 (D. Ariz. July 8, 2024) (declining to award $25,821.90 in collection costs because costs were too speculative). Further, this Court has already informed Plaintiff's counsel in numerous orders that he is not entitled to anticipated collection costs.[4]

### CONCLUSION

Counsel has been repeatedly cautioned about the numerous deficiencies in his motions for attorneys' fees and costs. This Court expects counsel to submit a correct fee application without relying on the Court to be his auditor in chief.

Accordingly, for the reasons set forth,

**IT IS ORDERED rejecting** the Report and Recommendation of the Magistrate Judge. (Doc. 20).

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Attorneys' Fees and Costs **without prejudice**. (Doc. 18).

**IT IS FURTHER ORDERED** that Plaintiff may file a renewed motion for attorneys' fees and costs on or before March 6, 2026.

Dated this 25th day of February, 2026.

Stephen M. McNamee
Senior United States District Judge

---

[4] See Fuehrer v. Edelweiss Phoenix Incorporated et al., No. CV-24-00178-PHX-SMM (D. Ariz. October 3, 2024); see also Miles v. Thomas Suites Campus of Care LLC et al., 2:24-cv-01286-SMM-JZB (D. Ariz. November 20, 2025); see also Quigley v. Soul Surgery LLC et al., 2:24-cv-01050-SMM-ASB (D. Ariz. January 14, 2026); see also Rasmussen v. Dream Helpers LLC et al., 2:23-cv-01808-SMM-JZB (D. Ariz. February 24, 2025); see also Ramos v. Probuilds LLC et al., 2:23-cv-01111-SMM-DMF (D. Ariz. March 12, 2024); see also Robinson v. Beyond Food LLC et al., 2:23-cv-00443-SMM-CDB (D. Ariz. February 2, 2024); see also Shorty v. Day and Night Medical Trans Incorporated et al., 2:23-cv-00084-SMM-ASB (D. Ariz. January 4, 2024); see also Rodriguez v. D'Auto Boys LLC et al, 2:22-cv-01420-SMM-JZB (D. Ariz. April 29, 2024).

- 5 -