**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alonso Alexander Guardado Lopez, | No. CV-25-02009-PHX-SMM (JZB) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Air Pro Heating & Cooling LLC, et al., | |
| Defendants. | |

**TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT JUDGE**:

Pending before the Court is Plaintiff's "Renewed Motion for Award of Attorneys' Fees and Costs Against All Defendants" ("Renewed Motion for Attorneys' Fees") (doc. 23). Plaintiff's Renewed Motion for Attorneys' Fees was timely filed in response to the District Court's February 25, 2026, Order. *Compare* (doc. 23) *with* (doc. 22). This Report and Recommendation ("R&R") is filed pursuant to LRCiv 72.2, permitting a magistrate judge to issue reports and recommendations in connection with "post judgment proceedings[.]" LRCiv 72.2(a)(16).

Plaintiff seeks a total award of $7,074.80 in attorneys' fees and costs—comprised of $6,497.00 in attorneys' fees and $577.80 in costs—pursuant to the Fair Labor Standards Act ("FLSA") and Arizona minimum wage law. (Doc. 23 at 1, 11.) Both the FLSA and Arizona state law permit a prevailing party to recover attorneys' fees and costs. *See* 29 U.S.C. § 216(b); *see also* A.R.S. § 23-364(G). In light of the Clerk of Court's entry of

Default Judgment (docs. 16–17) and the District Court's prior Order (doc. 22), the Court recommends Plaintiff's Renewed Motion for Attorneys' Fees be **granted with modifications** in the amount of attorneys' fees awarded.

## I.   BACKGROUND.

As previously noted:

> Plaintiff initiated this civil action with the filing of his Verified Complaint on June 10, 2025. *See* (doc. 1.) Plaintiff served all Defendants on June 16, 2025. *See* (docs. 7–9.) Defendants' deadline to answer or otherwise respond to the Verified Complaint was on July 7, 2025. *See* (doc. 10-1 at 1); *see also* Fed. R. Civ. P. 12(a)(1)(A). Defendants did not appear or otherwise defend, leading to Plaintiff filing his Application for Entry of Default Against Defendants on July 31, 2025. (Doc. 10.) The Clerk entered default against all Defendants on August 1, 2025. (Doc. 11.)
>
> On August 28, 2025, Plaintiff filed a Motion for Entry of Default Judgment Against Defendants. (Doc. 12.) On October 23, 2025, this Court issued a Report and Recommendation recommending that Plaintiff's Motion for Entry of Default Judgment be granted. (Doc. 15.) On November 13, 2025, the District Court issued an Order modifying this Court's Report and Recommendation and granting Plaintiff's Motion for Entry of Default Judgment. (Doc. 16.)

(Doc. 20 at 2.)

On November 25, 2025, Plaintiff filed his first Motion for Attorneys' Fees. (Doc. 18.) In conjunction with that Motion, Plaintiff filed an LRCiv 54.1 Bill of Costs (doc. 19) on the same day. On February 6, 2026, this Court issued an R&R recommending the motion be granted in part. (Doc. 20.) On February 25, 2026, the District Court rejected the R&R and required Plaintiff to file a renewed motion on or before March 6, 2026. (Doc. 22 at 5.) On March 5, 2026, Plaintiff filed his Renewed Motion for Attorneys' Fees. (Doc. 23.)

## II.   LEGAL STANDARDS.

### A.   Eligibility and Entitlement.

Pursuant to Rule 54, a party may move for attorneys' fees and related non-taxable expenses via motion that: (a) is filed within "14 days after the entry of judgment"; (b) specifies the "grounds entitling the movant to the award"; (c) "state[s] the amount sought" and (d) "disclose, if the court so orders, the terms of any agreement about fees for the

services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B); *see also* LRCiv 54.2.

Here, the grounds entitling Plaintiff to an award of attorneys' fees and costs are the FLSA and the Arizona Minimum Wage Act ("AMWA"). Under the FLSA, where an employer fails to pay an employee's wages as required under 29 U.S.C. § 206, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Under the AMWA, where an "employer . . . fails to pay the wages . . . required under this article," the "prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S. § 23-364(G). A party who prevails on default judgment is considered the prevailing party. *See G&G Closed Cir. Events LLC v. Carbajal*, No. CV-20-00838-PHX-SPL, 2020 WL 6699485, at *1 (D. Ariz. Nov. 13, 2020) ("Parties prevailing on default judgment are still prevailing parties for the purposes of awarding attorneys' fees.").

**B. Reasonableness**.

In analyzing the reasonableness of requested attorneys' fees, the Court applies the Lodestar method. *See Puente Arizona v. Penzone*, No. CV-14-01356-PHX-DGC, 2017 WL 4805116, at *1 (D. Ariz. Oct. 25, 2017). The Lodestar method is a two-step process whereby the court first "multiplies the number of hours reasonably expended on a case by a reasonable hourly rate." *Roberts v. City of Honolulu*, 938 F.3d 1020,1023 (9th Cir. 2019) (cleaned up). "Second, the court determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016).

The reasonable hourly rate is assessed by "the prevailing market rate in the relevant community." *Id.* To obtain an award of attorneys' fees and costs, the prevailing party must file a motion for fees and submit evidence in support of the proposed award. *Machowski v. 333 N. Placentia Prop.*, LLC, 38 F.4th 837, 841 (9th Cir. 2022). In determining the reasonably hourly rate, the Court is not guided by the hours charged by the prevailing party's attorney, but is rather "guided by the rate prevailing in the community for similar

work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

The number of hours considered in the Lodestar calculus is not limited to those hours expended up to a favorable judgment. Rather, "[i]n statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659–60 (9th Cir. 1985). This includes FLSA actions. *See Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 479 (D. Ariz. 2019) ("Indeed, courts within the Ninth Circuit have awarded attorneys' fees to prevailing plaintiffs in FLSA actions for the costs incurred in preparing their motions for attorneys' fees.").

"[I]n appropriate cases, the district court may judge the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.* . . . that have not been subsumed in the lodestar calculation." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).[1]

**III.    DISCUSSION.**

As previously noted, Plaintiff filed the instant Motion in response to the District

---

[1]    Local Rule 54.2(c) adds an additional factor to the list, namely, "Any other matters deemed appropriate under the circumstances." LRCiv 54.2(c)(3)(M).

Court's prior Order (doc. 22). (Doc. 23 at 1.) The instant Motion does not appear to be counsel's standard 'cookie cutter' motion for attorneys' fees, but is rather an individualized motion in response to the District Court's Order. Nevertheless, the instant Motion does not directly re-address the *Kerr* reasonableness factors. Instead, Plaintiff's Renewed Motion for Attorneys' Fees "waives" claims that the District Court has deemed unreasonable, attaches an updated time sheet reflecting which hours were waived by counsel, incorporates his prior Motion for Attorneys' Fees, and notes his objection to the District Court's prior Order. (*Id.* at 2, 5–10); (doc. 23-1 at 2–3.) Because the Renewed Motion incorporates his prior Motion for Attorneys' Fees, the Court shall analyze it where the instant Motion has not directly addressed a *Kerr* factor. Furthermore, this Court will not address Plaintiff's objections, other than to say that the District Court's Order is well-reasoned precedent, and should be treated as such.

Plaintiff's instant Motion seeks $6,497.00 in attorneys' fees for 14.6 hours worked.[2] (Doc. 23 at 11.) Additionally, Plaintiff seeks $577.80 in out-of-pocket expenses. (*Id.*) All told, Plaintiff seeks a total award of $7,074.80. Plaintiff's counsel was not hired on an hourly basis. Rather, he was hired on a contingency fee basis. *See* (doc. 18 at 4); *see also* (doc. 18-1.)

The Court finds that the updated hours billed and updated hourly rate requested presumptively reasonable.[3] *See Ubinger v. Urb. Housekeeping LLC*, No. CV-23-01802-PHX-ROS, 2024 WL 3045303, at *3 (D. Ariz. June 18, 2024) (finding that 24.2 hours worked at $445, for a total of $10,769.00, was presumptively reasonable); *see also Delgado v. Fast Wireless LLC*, No. CV-24-00203-PHX-JAT, 2025 U.S. Dist. LEXIS 2433, at *5 (D. Ariz. Jan. 7, 2025) (finding 19.3 hours worked as presumptively reasonable). Because

---

[2] Plaintiff states that the $6,497.00 total is comprised of 14.6 hours worked at an hourly rate of $495. (Doc. 23 at 11.) Once again, the Court notes a mathematical error in Plaintiff's work. Specifically, $6,497 \neq 14.6 \times 495$. Rather, $6,497 = 14.6 \times 445$. Counsel is reminded of the District Court's admonition that the Court is neither "his auditor in chief" nor tasked with fixing errors in calculation. (Doc. 21 at 4–5.) However, considering the Court finds $445 an hour reasonable, *see infra* section III.A.5, Plaintiff's error is not fatal to the instant Motion.

[3] Undersigned notes that Plaintiff's Bill of Costs (doc. 19) was filed within 14-days of Entry of Default Judgment. Hence, it is timely. *See* LRCiv 54.1(a).

the updated hours and hourly rate are presumptively reasonable, the Court shall address the *Kerr* factors.

**A. Reasonableness of Requested Attorneys' Fees**.

The Court will address each individual *Kerr* reasonableness factor below.

***1. Time and Labor***.

Plaintiff's counsel asserts that he spent 14.6 hours on this action. (Doc 23 at 11); (doc. 23-1 at 3.) Plaintiff has "waived" all entries in this action that the District Court held as unreasonable. (*Id.* at 1–2.) Additionally, the Court has identified other time entries that should be excised.

"Attorneys' fees should not be given for the performance of administrative tasks which could and should be performed by secretarial or paralegal staff." *See Gary*, 398 F. Supp. 3d at 487; *see also Avila v. JBL Cleaning LLC*, No. CV-23-00398-PHX-DJH, 2025 WL 755421, at *2 (D. Ariz. Mar. 10, 2025) (excising administrative activities from counsel's total hours worked). While hours spent on administrative tasks are not compensable, the hours worked on a motion for attorneys' fees is compensable. *See In re Nucorp Energy, Inc.*, 764 F.2d at 659–60 (holding that time spent on establishing "entitlement to and amount of the [attorneys'] fee is compensable").

As noted above, Plaintiff's Renewed Motion is an individualized document filed in response to the District Court's prior Order. Although Plaintiff has waived those entries that the District Court considered unreasonable, his timesheet still reflects several entries that appear unreasonable. First, the Court finds Plaintiff's entry "Review Amended Order" unreasonable considering the District Court's amended order and initial order were nearly identical—*i.e.*, nothing of substance was changed between the initial order on February 24, 2026, to the amended order on February 25, 2026. *Compare* (doc. 22) *with* (doc. 21). Therefore, the 0.1-hour entry is unreasonable.

Second, the Court finds Plaintiff's 4.5 hours worked on the Renewed Motion for Attorneys' Fees and the 0.6 hours spent researching *Wong* and *Rodriguez* unreasonable. The Court reiterates "that time spent in *establishing the entitlement to and amount of the*

*fee* is compensable," *In re Nucorp Energy, Inc.*, 764 F.2d at 659–60, not time spent objecting to the District Court's prior decision. Regarding counsel's research of *Wong* and *Rodriguez*, undersigned notes that only *Rodriguez* was used to support Plaintiff's entitlement to an award of attorneys' fees—*i.e.*, it was used to establish the standard of review for attorneys' fee motions. (Doc. 23 at 3–4.) Because Plaintiff used *Wong* to object to the District Court's prior decision, it was not used in establishing Plaintiff's entitlement to an award of attorneys' fees. Hence, the Court will cut the time entry in half to 0.3 hours.

Regarding the time spent drafting the Renewed Motion, the Court notes that roughly a third of the Motion was dedicated to objecting to the District Court's prior decision. *See* (*id.* at 2, 5–9.) Because roughly a third of the Renewed Motion was spent lodging objections to the District Court's prior Order, undersigned does not find that the full 4.5 hours spent drafting the instant Motion was spent on establishing an entitlement to attorneys' fees. *Cf. In re Nucorp Energy, Inc.*, 764 F.2d at 659–60. Consequently, the Court will reduce the hours spent on drafting by a third—*i.e.*, 1.5 hours.

Therefore, the Court recommends the total hours billed be set at 12.7 hours.

### 2. *Novelty and Difficulty of the Questions Involved*.

The Court reiterates that, because this action resulted in a default judgment, there were few novel or challenging questions incurred by Plaintiff. *See* (doc. 20 at 6.) Plaintiff does not oppose this finding in his original Motion for Attorneys' fees—which was incorporated by his Renewed Motion. (Doc. 18 at 8) (noting that the issues involved in the action "were not novel in this jurisdiction"). Consequently, this factor is neutral and does not result in any modification of the Lodestar amount. *Ubinger*, at *3 ("This case involved a straightforward claim that comes reasonably often before this Court. This factor is neutral.") (cleaned up).

### 3. *Skill Requisite to Perform the Legal Service Properly*.

In his incorporated Motion for Attorneys' Fees, Plaintiff alleged that although FLSA suites are generally straightforward, the issues in the instant action "were sophisticated and required extensive knowledge of the law[.]" (Doc. 18 at 9.) The Court, as it noted in its

initial R&R, is unconvinced. *See* (doc. 20 at 6.) FLSA suits "take[] a moderate amount of skill to litigate[.]" *Verduzco v. Value Dental Ctrs. Mesa W. AZ LLC*, No. CV-20-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022). Accordingly, this factor is also neutral.

### 4. *Preclusion of Other Employment*.

In his initial Motion for Attorneys' Fees, Plaintiff stated that counsel "was not significantly precluded from other work because of this representation." (Doc. 18 at 9.) Plaintiff does not re-address this factor in his Renewed Motion. See generally (doc. 23.) Hence, this factor is neutral.

### 5. *Customary Fee*.

Plaintiff, in both his Renewed Motion and initial Motion, asserts that the $495-an-hour fee is reasonable.[4] (*Id.* at 11); (doc. 18 at 4.) Plaintiff has ignored this Court's prior finding that a $495-an-hour fee is unreasonable. (Doc. 20 at 7.) As this Court previously noted:

> Considering the majority of the District of Arizona's precedent have found that $445 an hour is reasonable, . . . the Court finds $445 an hour is the reasonable benchmark. *See, e.g.*, *Romero v. Synergy Restoration LLC*, No. CV-24-01602-PHX-MTL, 2025 WL 509259, at *3 (D. Ariz. Feb. 14, 2025) ("Counsel asserts that his hourly rate of $445.00 is reasonable[.] The Court agrees.") (citing *Romero v. Steel Roots LLC*, No. CV-23-01033-PHX-ROS, 2024 WL 2389353, at *2 (D. Ariz. May 23, 2024) ("The Court finds the prevailing rates for FLSA cases in the District of Arizona and Mr. Bendau's experience support the requested hourly rate. The Court finds the $445 hourly rate reasonable.")); *Miles v. Thomas Suites Campus of Care LLC*, No. CV-24-01286-PHX-SMM (JZB), 2025 WL 3251709, at *5 (D. Ariz. Nov. 3, 2025) (finding $445 an hour is reasonable), *report and recommendation adopted as modified*, No. CV-24-01286-PHX-SMM (JZB), 2025 WL 3237453 (D. Ariz. Nov. 20, 2025); *Heredia v. IPVision Inc.*, No. CV-24-00116-TUC-RCC, 2024 WL 3951980, at *2 (D. Ariz. Aug. 27, 2024) (finding $445 an hour reasonable).

(*Id.*)

Lending further credit to this finding is the District Court's recent decision in *Rios*

---

[4]    *See supra* note 2.

- 8 -

*v. Lux Interior & Renovation LLC*, which held that a $445-an-hour fee is reasonable. *Rios v. Lux Interior & Renovation LLC*, No. CV-23-01686-PHX-DJH, 2026 U.S. Dist. LEXIS 60160, at *9–10 (D. Ariz. Mar. 23, 2026). Hence, undersigned recommends Plaintiff's counsel's hourly rate be reduced to $445.

### 6. *Whether the Fee is Fixed or Contingent*.

Counsel was hired by Plaintiff on a contingency fee basis. (Doc. 18 at 9.) "The Court acknowledges that agreeing to a contingency fee basis of representation supports the potential for a larger award of attorneys' fees." *Lemus v. Blackrock CM Inc.*, No. CV-24-02561-PHX-JAT, 2025 WL 460548, at *3 (D. Ariz. Feb. 11, 2025) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

### 7. *Time Limitation Imposed*.

In his initial Motion for Attorneys' fees, which is incorporated in the instant Motion, *see* (doc. 23 at 2), Plaintiff states that "[t]here was no time limitation imposed by either the client or the circumstances." (Doc. 18 at 11.) Therefore, this factor is of minimal relevance in the Court's balance of the *Kerr* factors. *See Lemus*, 2025 WL 460548, at *3.

### 8. *The Amount Involved and Results Obtained*.

In his initial Motion for Attorneys' fees, which is incorporated in the instant Motion, *see* (doc. 23 at 2), Plaintiff's counsel claims that "he has obtained excellent results and has assisted Plaintiff in recovering well in excess of the total amount in unpaid wages that Defendants owed him." (Doc. 18 at 12.) "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Because Plaintiff's counsel obtained a positive result, this factor "weighs in favor of awarding the full lodestar amount." *Ubinger*, 2024 WL 3045303, at *3.

### 9. *Experience, Reputation, and Ability of the Attorney*.

In the instant Motion and his initial Motion for Attorneys' Fees, Plaintiff's counsel asserts his experience in litigating FLSA suits. *See* (doc. 23); *see also* (doc. 18.) The Court acknowledge counsel's experience.

//

- 9 -

**10. *The Undesirability of the Case*.**

In his Renewed Motion for Attorneys' Fees, Plaintiff's counsel indirectly asserts the undesirability of FLSA suits, such as by noting the need for him to pay for expenses "out of pocket in each [FLSA] matter[.]" (Doc. 23 at 10.) Such statements on undesirability are bolstered by his initial Motion for Attorneys' Fees, which was incorporated in the instant Motion. *See, e.g.*, (doc. 18 at 13) (noting the "the speculative amount of available fees" in FLSA suits and the chance that out-of-pocket expenses may not be recovered). The Court agrees that the instant action was undesirable. However, "this factor does not justify an adjustment to the lodestar amount." *Ubinger*, 2024 WL 3045303, at *3.

**11. *The Nature and Length of the Professional Relationship with the Client*.**

Considering that this is the only matter that counsel Clifford Bendau has represented Plaintiff, *see* (doc. 18 at 13), this factor is accordingly neutral. *See Ubinger*, 2024 WL 3045303, at *3 ("Mr. Bendau has never represented Plaintiff before this case. This factor is neutral.").

**12. *Awards in Similar Cases*.**

This Court finds that a reduced award of attorneys' fees in the amount of $5,651.50 is reasonable in light of this District's precedent.[5] *See Rios*, 2026 U.S. Dist. LEXIS 60160, at *12 (awarding $11,392.00 in attorneys' fees for 25.6 hours worked); *see also Lemus*, 2025 WL 460548, at *3 (granting $7,743.00 in attorneys' fees); *Delgado*, 2025 U.S. Dist. LEXIS 2433, at *4 (D. Ariz. Jan. 7, 2025) (granting $8,588.50 in attorneys' fees).

**13. *Conclusion Based on the* Kerr *Reasonableness Factors*.**

Based on the foregoing, the Court **recommends** that the attorneys' fees award be reduced to **$5,651.50**.

**B. Out-of-Pocket Costs.**

In the instant Motion, Plaintiff seeks $577.80 in out-of-pocket costs. (Doc. 23 at

---

[5] The Court notes that the reduced amount of attorneys' fees is still in excess of the actual award received. *See* (doc. 16). The Court notes that attorneys' fees in excess of the actual award is not prohibited. *See Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988) ("[C]ourts should not reduce lodestars based on relief obtained simply because the amount of damages recovered on a claim was less than the amount requested.").

11.) This includes $405 Clerk's fees and $172.80 in fees for service of summons and subpoena. (Doc. 19 at 1.) Seeing as Plaintiff filed a Bill of Costs and an invoice within the 14-day deadline, *see* (doc. 19), he has complied with LRCiv 54.1's requirements. Therefore, the Court **recommends** Plaintiff be awarded out-of-pocket costs in the amount of **$577.80**.

Accordingly,

**IT IS RECOMMEDED** that Plaintiff's Renewed Motion for Award of Attorneys' Fees and Costs Against All Defendants (doc. 23) be **GRANTED WITH MODIFICATIONS**.

**IT IS FURTHER RECOMMENDED** that Plaintiff receive attorneys' fees in the amount of **$5,651.50**.

**IT IS FURTHER RECOMMENDED** that Plaintiff receive out-of-pocket costs in the amount of **$577.80**.

//

///

//

///

//

///

//

///

//

///

//

///

//

///

//

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 25th day of March, 2026.

Honorable John Z. Boyle
United States Magistrate Judge

- 12 -